### DUECKER et al. v. GASTINGER et al.
### No. 8389.

Court of Civil Appeals of Texas. San Antonio.
April 23, 1930.

834

R. E. McKie, of San Marcos, and H. H. Sagebiel, of Fredericksburg, for appellants.

Alfred Petsch, of Fredericksburg, for appellees.

FLY, C. J.

Mrs. Emma Gastinger and five others sued R. W. Duecker, Felix Reinhold Duecker, and Edmund Jacobi, alleging that they were creditors of R. W. Duecker, in the sum of $4,227, as evidenced by seven promissory notes executed by him, and that he was indebted in various sums to a number of other persons; that said R. W. Duecker and wife, on July 20, 1927, conveyed to their minor son, Felix Reinhold Duecker, 373.3 acres of land out of survey No. 216, for a consideration of $10, and also at the same time executed to said minor son a bill of sale for all his live stock except those exempt from forced sale. It was alleged that the deed of conveyance and bill of sale were made without consideration and with the intent to defraud creditors; that Jacobi bought the land from the minor, paying no consideration for the same, with a full knowledge that the father, in conveying to the son, did so with the intention of defrauding creditors; and that the sale was made to Jacobi and accepted by him with the intent to perpetrate a fraud on creditors. The cause was submitted to a jury by special issues, and, on the responses thereto and facts found by the court, judgment was rendered that the deeds from the father to the minor son, and from the latter to Jacobi, be canceled. J. D. Young was allowed to intervene in the cause, and he, together with the plaintiffs, recovered costs in the suit, but the property was decreed to be a trust fund for the benefit of the plaintiffs, appellees herein.

The jury found that the deed executed on May 14, 1928, by Felix Reinhold Duecker to Edmund Jacobi was made with the intent to defraud, hinder, and delay the creditors of R. W. Duecker, that said Jacobi had notice of the fact that the deed was made with such intent, and that he did not in good faith intend to purchase the land and pay for the same, and well knew the financial condition of R. W. Duecker, and that he had no property left subject to execution. The jury found that the facts were sufficient to put any reasonably prudent man on inquiry as to the circumstances under which the deed was executed, and that had he made any inquiry he would have ascertained that R. W. Duecker was not possessed of property subject to execution sufficient to meet his debts. The deed from R. W. Duecker and wife to Felix R. Duecker was a deed of gift, reciting the payment of $10 and the "natural love and affection we have for our son Felix Reinhold Duecker," to all the land they had subject to execution, and on the same day made a bill of sale to the minor son for all their live stock, except two work horses, two work mules, five cows and calves, "said reserved stock to be selected by the sellers." The consideration in the bill of sale was $1 and natural love and affection. The live stock conveyed included all the personal property of R. W. Duecker subject to execution sale. In less than a year after obtaining the deed from his parents, Felix R. Duecker conveyed the land to Edmund Jacobi. Numerous debts evidenced by notes and judgments were proven to exist, all the debts existing at the time the deed of gift was made. The conveyance of the land to Jacobi was arranged by R. W. Duecker and he conducted all the negotiations. No money was paid on the land by Jacobi. R. W. Duecker admitted, in effect, that he agreed to give Jacobi his note back when the trouble was over, that is, the suits for debts. He swore: "When the deed was executed, and when this matter was all over, it was understood that the note which Mr. Jacobi executed would be given back to him, and the deed delivered back to me." The minor was not present when the sale was made to Jacobi.

The facts show a case of palpable fraud, and that the conveyance was made by the father to his minor son, and that Jacobi knew, or could have known, by the exercise of any prudence or diligence, that the conveyance to the son was fraudulent, and that the deed of the latter to him was brought about by the father in order to create the semblance of a purchaser in good faith of the land for value. Any man with ordinary sense or reasonable prudence could and should have known that the conveyance to the son and the one to Jacobi were made to hinder and defraud creditors of R. W. Duecker.

It staggers reason and is inconceivable that Jacobi was ignorant of the circumstances surrounding the transaction and did not know that the conveyance to the minor was fraudulent and void as to creditors, and that he was lending himself to R. W. Duecker to assist in concealing his property from execution. He was told that the transaction as to the land would be rescinded as soon as the exigency had passed. The very fact that all

of the parents' land, subject to execution, and all the personal property had been given to a minor son was sufficient to put Jacobi on inquiry, and the least inquiry would have unveiled the fraud. It is an elementary rule that the fraud of the grantor taints the conveyance, except as to purchasers for a valuable consideration. A deed of gift to a minor child by a debtor, whose deed rendered him insolvent, was evidence of a participation in the fraud by the grantee. As said by Judge Moore in Belt v. Raguet, 27 Tex. 471: "And when the fraudulent purpose of the grantor is shown, those who claim under the conveyance can only rebut the presumption of their participation in the fraud, and escape its effects, by actual or presumptive evidence that they are purchasers for a valuable consideration." The deed of gift to the minor was sufficient to put any one, desiring to purchase the land from the minor, upon inquiry. Tillman v. Heller, 78 Tex. 597, 14 S. W. 700, 11 L. R. A. 628, 22 Am. St. Rep. 77; New England Loan & Trust Co. v. Avery (Tex. Civ. App.) 41 S. W. 673.

The propositions are all overruled, and the judgment is affirmed.