Warren Lee **UNDERWOOD**, Relator,

v.

Hon. Wayne **BRIDEWELL**, Judge, 249th Judicial District Court, Somervell County, Texas, Respondent.

No. 10–96–121–CV.

Court of Appeals of Texas, Waco.

July 25, 1996.

Alex R. Tandy, Law Offices of Alex R. Tandy, P.C., Fort Worth, for Relator.

Dale Hanna, District Attorney, Laurel D. Arnold, Assistant District Attorney, Cleburne, for State.

Wayne Bridewell, Cleburne, pro se.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Warren Lee Underwood seeks a writ of mandamus compelling a district judge to set aside an order abating a civil forfeiture action until a federal criminal prosecution has been completed. In the underlying forfeiture case, brought under Chapter 59 of the Code of Criminal Procedure, the State seeks to forfeit $3,000, a night-vision scope, guns, a scanner, and other items. TEX.CODE CRIM. PROC. ANN. arts. 59.01–.11 (Vernon Supp. 1996).

## BACKGROUND

Underwood was the subject of an on-going investigation by the S.T.O.P. Task Force ("a multijurisdictional, multiagency task force dealing almost exclusively in illegal narcotics") and the Somervell County Sheriff's Department. On February 29, 1996, he was arrested in Bakersfield, California on federal charges of conspiracy to possess a controlled substance with intent to distribute and attempted possession of a controlled substance with intent to deliver. The federal authorities seized $102,163 when they arrested Underwood. On March 1, having obtained a search warrant, Texas authorities searched Underwood's residence in Somervell County and seized the items that the State seeks to forfeit. The forfeiture proceeding was filed on March 28.

Underwood filed an answer and requested discovery, including oral depositions of two S.T.O.P. officers, interrogatories, requests for admissions, and requests for production of documents. TEX.R. CIV. P. 166b.1. The State, fearing that the discovery would prejudice the federal criminal proceeding, filed a plea in abatement, asking the court to abate the forfeiture proceeding until the federal criminal case was completed. After a hearing on April 10, the Respondent, Honorable Wayne Bridewell, signed an order granting the plea in abatement and ordering that "all litigation and discovery should be stayed ... until disposition of the criminal case is completed."

## CONTENTIONS

Underwood asserts that Respondent abused his discretion when he abated the action because (1) the federal criminal proceeding in California is not related to the Texas civil forfeiture proceeding, (2) different parties, issues, and evidence are involved, (3) no basis exists in fact or in law for the abatement, and (4) the order presents "serious due process concerns" because he is being deprived of his property for an indefinite time without a hearing.

The State asserted at the hearing that the abatement was necessary to prevent Underwood from using civil discovery as a "fishing expedition" for the criminal case. In response to Underwood's petition in this court, the State says that he cannot meet the requirements for issuance of a writ of mandamus because he had an adequate remedy at law by filing a bond to replevy the property and that, in any event, the abatement was within the Respondent's discretion.

## STANDARD FOR DECISION

A writ of mandamus may be issued to correct a "clear abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig.proceeding). Mandamus will not issue where there is a clear and adequate remedy at law, such as a normal appeal. *Id.* at 840 (citing *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984) (orig.proceeding)). The determination of whether a court abused its discretion is a question of law. *Jackson v. Van Winkle*, 660 S.W.2d 807, 810 (Tex.1983).

Abatement is generally a discretionary, incidental ruling not susceptible to mandamus relief. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985). However, mandamus may be proper when the directed course of action is the only proper course and relator has no other remedy. *Id.* An example of the issuance of a writ of mandamus to set aside an abatement order is *Gebhardt v. Gallardo*, 891 S.W.2d 327, 332–33 (Tex.App.—San Antonio

1995, orig. proceeding), where the court held that the relator had no adequate remedy by appeal.

## ANALYSIS AND DECISION

■ We understand the dilemma the State faces. Article 59.04 requires that a forfeiture proceeding be filed within thirty days after property is seized. TEX.CODE CRIM. PROC. ANN. art. 59.04(a). Thus, the State could not wait for the criminal case to be resolved before filing its petition for forfeiture. Because forfeiture proceedings are "civil," Underwood had the right to institute discovery proceedings after the petition was filed. *State v. Rumfolo,* 545 S.W.2d 752, 754 (Tex. 1976) (proceedings are civil); TEX.R. CIV. P. 2 (civil procedural rules apply to "all actions of a civil nature"). When he did, the State chose to seek an abatement rather than a protective order, a choice that we believe set the stage for Respondent's abuse of discretion.

### ALTERNATIVES TO ABATEMENT

The Rules of Civil Procedure provide that the court may, on motion, "make any order in the interest of justice necessary to protect the movant from undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional, or property rights." TEX.R. CIV. P. 166b.5. Under this rule, the State could have sought a protective order that (1) Underwood not take the requested depositions of S.T.O.P. officers or that he be permitted to take depositions that were limited in scope and (2) the offending interrogatories, requests for admissions, and requests for production of documents not be permitted.[1] *Id.* 166b.5.a. Such a request would have allowed the Respondent, if he decided that the State had a legitimate interest to protect, to tailor his order to protect that interest but not interfere with Underwood's legitimate right to conduct discovery through means available to him under the Rules of Civil Procedure. Instead, by his abatement order, Respondent foreclosed all

discovery and other action in the case and, in doing so, abused his discretion.

### OTHER AUTHORITY

The State relies on *Money of the U.S. in Amount of $8,500 v. State* as authority for the abatement order. 774 S.W.2d 788 (Tex. App.—Houston [14th Dist.] 1989, no writ). There, the state sought *protective orders* delaying interrogatories and motions for production until after a pending state criminal prosecution was concluded. "The trial court found that as a criminal action involving the same parties, common issues of law and fact and the same evidence was pending, the discovery motions should be stayed until May 16, 1986." *Id.* at 793. On appeal, the state asserted that the court had properly delayed discovery, arguing that "appellants should not be permitted to take advantage of the liberal discovery procedures afforded them under civil law to gather evidence that they would not be entitled to under the more restrictive criminal rules." *Id.* The Houston Court, although noting that the points concerning discovery had been waived, found no abuse of discretion.

We find three distinctions in *Amount of $8,500:* (1) the court *delayed* specific discovery until a date certain; (2) the delay was granted by a protective order, not an abatement; and (3) although the criminal case was not tried by May 16, 1986, the appealing party had not renewed his request for the discovery prior to trial. *Id.* Because of these distinctions, we find that the opinion does not control our decision in this matter.

### ADEQUATE REMEDY AT LAW

■ Because Respondent's order denied Underwood the right to all discovery, even that to which the State had no legitimate objection, we find that neither the replevy procedure available under Chapter 59 nor an appeal is an adequate remedy for the improper abatement. *See Gebhardt,* 891 S.W.2d at 332–33; TEX.CODE CRIM. PROC. ANN. art. 59.02(b).

---

1. For this opinion, we assume but do not decide that the State, as a "person against ... whom discovery is sought," could request protection of the federal government's interest in its criminal

prosecution. TEX.R. CIV. P. 166b.5. No state criminal prosecution is pending against Underwood at this time.

## CONCLUSION

Having found that Respondent abused his discretion in granting an abatement of the entire case and that Underwood has no adequate remedy at law, we conditionally grant the writ of mandamus directing him to vacate the order dated April 10, 1996. The writ will issue only if he refuses to do so.