In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-529 CV


____________________



IN RE EDGE CAPITAL GROUP, INC.








Original Proceeding






OPINION


 In this mandamus proceeding, Edge Capital Group, Inc. asks that we order the trial
court to vacate a protective order and permit pre-trial discovery. Edge, a defendant in the
trial court, complains that the court stayed all discovery directed to Dan Williams, a third-party defendant sued by Edge. 

 A declaratory judgment action was filed by Verdisys, Inc. requesting that a
document, signed by Dan Williams as CEO of Verdisys, be declared invalid as a contract
between Edge and Verdisys. Edge counterclaimed against Verdisys for breach of contract,
conspiracy, negligence, violations of the Texas Securities Act, common law fraud, and
statutory fraud. After joining Williams and others as third-party defendants, Edge
propounded requests for admissions, interrogatories, and requests for production of
documents. 

 Williams then filed a motion asserting federal authorities were investigating his
activities at Verdisys, and the same subject matter could be part of discovery responses in
this suit. He asked for a postponement of discovery until the resolution of the federal
investigation. The trial court granted his request and signed a protective order postponing
discovery directed to Williams until further notice of the court. The court did not stay the
trial or any other proceedings.

 Rule 192.6 of the Texas Rules of Civil Procedure authorizes protective orders in
discovery disputes. The Rule provides in part as follows: 

 (a) Motion. A person from whom discovery is sought . . . may move .
. . for an order protecting that person from the discovery sought. A person
should not move for protection when an objection to written discovery or an
assertion of privilege is appropriate but a motion does not waive the
objection or assertion of privilege . . . . 


 (b) Order. To protect the movant from undue burden, unnecessary
expense, harassment, annoyance, or invasion of personal, constitutional, or
property rights, the court may make any order in the interest of justice and
may -- among other things -- order that:


 the requested discovery not be sought in whole or in part;


 (2) the extent or subject matter of discovery be limited; 


 the discovery not be undertaken at the time or place specified;



 the discovery be undertaken only by such method or upon such
terms and conditions or at the time and place directed by the
court;


 (5) the results of discovery be sealed or otherwise protected, subject
to the provisions of Rule 76a. 


See Tex. R. Civ. P. 192.6. Relying on Rule 192.6, Williams maintains the trial court has
discretion to limit or postpone discovery in the interest of justice. He argues that if he
asserts his Fifth Amendment right against self-incrimination in response to the discovery
requests, he risks severe prejudice and a violation of his "due process right to a judicial
determination of the civil case." In a civil suit, a fact finder may draw an adverse
inference against a party who pleads the Fifth Amendment. Baxter v. Palmigiano, 425
U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976); Texas Capital Secs., Inc. v.
Sandefer, 58 S.W.3d 760, 779 (Tex. App.--Houston [1st Dist.] 2001, pet. denied); see
Tex. R. Evid. 513(c). Williams says he risks a "negative inference" being drawn from
his assertion of his right to remain silent in this case. On the other hand, if he answers the
discovery requests, his answers may be used against him in a possible criminal
prosecution. 

 Edge argues Texas law does not permit Williams' blanket exemption from discovery
simply because of the threat of a potential criminal indictment. Edge says the
postponement of all discovery directed at Williams allows Williams to avoid asserting the
Fifth Amendment privilege and at the same time avoid providing any discovery answers. 

 A trial court has discretion to narrow the scope of discovery to protect a party's
legitimate interests. See Axelson v. McIlhany, 798 S.W.2d 550, 553 (Tex. 1990). This
principle is reflected in the language of Rule 192.6. Rule 192.6 also says "[a] person
should not move for protection when an objection to written discovery or an assertion of
a privilege is appropriate[.]" Generally, if a party resists discovery based on a privilege
the party must assert the privilege in response to specific discovery requests or questions. 
See Tex. R. Civ. P. 193.3, 193.4, 199.5(e), (f). The issue here is whether the trial court
abused its discretion on this record in indefinitely postponing discovery directed to
Williams without an assertion of the privilege in response to specific inquiries. A witness in a civil case may refuse to answer an inquiry based on the Fifth
Amendment privilege. See Ex parte DeLeon, 972 S.W.2d 23, 25 (Tex. 1998). However,
the witness is not the exclusive judge of the right to exercise the Fifth Amendment
privilege in a civil case. See Ex parte Butler, 522 S.W.2d 196, 198 (Tex. 1975). In
Butler, the Supreme Court explained as follows: 

 The judge is entitled to determine whether the refusal to answer appears to
be based upon the good faith of the witness and is justifiable under all of the
circumstances. The inquiry by the court is necessarily limited, because the
witness need only show that an answer to the question is likely to be
hazardous to him; the witness cannot be required to disclose the very
information which the privilege protects. Before the judge may compel the
witness to answer, he must be "'perfectly clear, from a careful consideration
of all the circumstances in the case, that the witness is mistaken, and that the
answer(s) cannot possibly have such tendency' to incriminate." Hoffman v.
United States, 341 U.S. 479, 95 L.Ed. 1118, 71 S.Ct. 814 (1951). 


Ex parte Butler, 522 S.W.2d at 198. The privilege is asserted on a question-by-question
basis. In re Verbois, 10 S.W.3d 825, 828 (Tex. App.--Waco 2000, orig. proceeding). 
Upon a party's assertion of the Fifth Amendment privilege to a discovery request, the trial
court reviews the discovery request, applies the law of privilege, discovery, and protection
to the request, and determines how best to protect the privilege, the right to proceed with
the case, and the right to defend the suit. See generally In re R.R., 26 S.W.3d 569, 574
(Tex. App.--Dallas 2000, orig. proceeding); In re Speer, 965 S.W.2d 41, 45-46 (Tex.
App.--Fort Worth 1998, orig. proceeding). 

 Though Williams maintains he has not asserted the privilege, and should not be
required to assert the privilege, his motion for a blanket protective order is the functional
equivalent of a blanket assertion of the Fifth Amendment privilege. Blanket assertions of
the Fifth Amendment privilege generally are not permitted in civil cases. In re R.R., 26
S.W.3d at 574; In re Verbois, 10 S.W.3d at 828; In re Speer, 965 S.W.2d at 46; Gebhardt
v. Gallardo, 891 S.W.2d 327, 330 (Tex. App.--San Antonio 1995, orig. proceeding). In
Burton v. West, 749 S.W.2d 505, 507 (Tex. App.--Houston [1st Dist.] 1988, orig.
proceeding), a civil forfeiture case, the defendant made a blanket objection to discovery
requests, stated his Fifth Amendment rights would be violated if he complied with
discovery, and filed a motion for a protective order. In ordering the defendant to respond
to discovery, the appellate court held that a party may not make a blanket objection to all
discovery, but must state an objection to each individual discovery request. Id. at 508. 

 Williams relies on Texas Department of Public Safety Officers Association v.
Denton, 897 S.W.2d 757 (Tex. 1995), and Wehling v. Columbia Broadcasting System, 608
F.2d 1084 (5th Cir. 1979). Both cases involved the offensive use of the privilege, where
the issue is whether a party seeking affirmative relief should be able to use the privilege
to protect potentially outcome-determinative information. In both cases the plaintiffs, who
were under investigation for criminal offenses, asserted the Fifth Amendment privilege. 
See Denton, 897 S.W.2d at 759; Wehling, 608 F.2d at 1086. Both courts considered the
advisability of a dismissal of a plaintiff's claim. Wehling held that a civil defendant does
not have a right to have the plaintiff's action dismissed as a sanction any time the plaintiff
invokes his constitutional privilege. On the other hand, dismissal may be an appropriate
remedy, rather than a sanction, where other less burdensome remedies would be ineffective
means of preventing unfairness to the defendant. Wehling, 608 F.2d at 1088. Denton says
that when a plaintiff asserts the Fifth Amendment privilege a trial court must first
determine whether a lesser remedy than dismissal is warranted. Denton, 897 S.W.2d at
759. 

 The case before this Court does not involve dismissal of a claim as a remedy for an
offensive use of the Fifth Amendment. Wehling and Denton did discuss the possibility of
delaying a civil proceeding during the pendency of a criminal investigation as a lesser
remedy when the Fifth Amendment is pled by a plaintiff, but the trial court here has not
stayed all discovery or the trial of the civil case. Williams also argues Edge should be
required to exhaust discovery against the other ten defendants before asking the trial court
to lift the stay of discovery directed to him. However, Williams is alleged to have signed
the document at issue here and his conduct is at the center of this litigation. Williams'
argument does not address the applicability of the Fifth Amendment privilege to any
discovery request. 

 Williams cites Underwood v. Bridewell, 931 S.W.2d 645 (Tex. App.--Waco 1996,
orig. proceeding), another civil forfeiture proceeding, as an example of the appropriateness
of a protective order in the discovery context. There the trial judge granted a plea in
abatement and ordered all "litigation and discovery" stayed until disposition of the criminal
case. Underwood did not involve an assertion of the Fifth Amendment. Rather, the State
sought the abatement of the civil case, until the criminal case was considered, in order to
prevent the defendant from using "civil discovery as a 'fishing expedition' for the criminal
case." Bridewell, 931 S.W.2d at 646. Noting the abatement denied the defendant all
discovery, even discovery to which the State had no legitimate objection, the appellate
court determined the abatement order was too broad. A protective order, tailored to
protect Underwood's legitimate right to discovery as well as the State's interest, was
thought to be the appropriate relief, rather than an abatement of the entire case. Id. at 647;
see Tex. R. Civ. P. 192.6. We do not read Underwood as supporting a blanket assertion
of the Fifth Amendment privilege in a civil case, or as suggesting that a protective order
should be sought when an assertion of a privilege is appropriate. See Tex. R. Civ. P.
192.6.

 If Williams invokes the Fifth Amendment privilege, he cannot be required to answer
inquiries likely to be hazardous to him; that is, he cannot be required to disclose
information which the privilege protects. The trial court can protect him from "undue
burden, unnecessary expense, harassment, annoyance, or invasion of personal,
constitutional, or property rights[.]" Id. But if Williams intends to claim the protection
of the Fifth Amendment privilege and remain silent, Williams must assert the privilege in
response to discovery inquiries. 

 As the Supreme Court noted in Baxter v. Palmigiano, 425 U.S. at 318, silence in
the face of accusation may be persuasive evidence in proper circumstances. In Baxter, the
Court held that the Fifth Amendment does not preclude an adverse inference in a civil case
when the privilege is claimed by a party. Id. Consistent with Baxter, the Texas Rules of
Evidence do not preclude an adverse inference with respect to a party's claim, "in the
present civil proceeding, of the privilege against self-incrimination." Tex. R. Evid.
513(c). The Texas Supreme Court has said that when a witness invokes the Fifth
Amendment in response to inquiries, "[t]he judge is entitled to determine whether the
refusal to answer appears to be based upon the good faith of the witness and is justifiable
under all of the circumstances." See Ex parte Butler, 522 S.W.2d at 198. A motion for
protection should not be filed solely to avoid the assertion of the Fifth Amendment
privilege in a civil case. See Tex. R. Civ. P. 192.6; see also Tex. R. Evid. 513(c). 

 Though a trial court is given wide latitude in managing discovery and its docket, the
latitude is not unbounded. See In re Van Waters & Rogers, Inc., 62 S.W.3d 197, 200
(Tex. 2001). Generally, a party resisting discovery must produce some support for a
protective order request. See In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex.
1999). Here, the record does not clearly establish the nature of the alleged federal
investigation. Williams' motion simply says there is an investigation by federal
authorities, and he says the investigation may lead to a criminal indictment. The motion
provides no indication of how he knows of the investigation, what stage it is in, or which
agency is conducting the investigation. There is no affidavit, verification, or other support
for Williams' assertions. In its reply brief in this Court, Edge says, without reference to
the record, the investigation is by the Securities and Exchange Commission and is civil in
nature. The record here contains no showing of the extent to which any criminal issues
overlap with civil ones. The record does not reflect when a federal proceeding may begin
or when the statute of limitations would run for the crimes Williams fears. See Denton,
897 S.W.2d at 763. A protective order may be appropriate when sought in conjunction
with a proper assertion of the Fifth Amendment privilege and when the record supports the
applicability of the privilege. However, this limited record does not support an indefinite
postponement of all discovery directed to Williams in this case. 

 When an error of law constituting a clear abuse of discretion vitiates a party's
ability to present a viable claim or defense, relief may be sought through a mandamus
proceeding. See generally In re Van Waters & Rogers, Inc., 145 S.W.3d 203, 211 (Tex.
2004) (orig. proceeding) (consolidation order); see also Walker v. Packer, 827 S.W.2d
833, 843 (Tex. 1992) (orig. proceeding). The order here is not tailored to protect the
legitimate interests of all parties. On this record, the indefinite postponement of all
discovery directed to Williams -- without Williams' specific assertion of the privilege in
response to a discovery inquiry, and without any showing of the nature and scope of the
asserted federal investigation -- is an abuse of discretion. Although Williams argues any
prejudice Edge may suffer from the discovery postponement is speculative, Williams is a
key figure in the litigation. The record includes no assertion of the Fifth Amendment
privilege in response to any specific discovery request, yet Edge nonetheless has no
discovery responses from Williams. The trial court's order denies discovery that goes to
the heart of Verdisys' declaratory judgment action, Edge's counterclaim against Verdisys,
and Edge's claims against Williams. Under the circumstances in this case, the appellate
remedy is inadequate. We therefore conditionally grant the petition for writ of mandamus
and direct Respondent to vacate the August 23, 2004, and October 18, 2004, orders. We
are confident the trial court will follow this opinion. The writ will issue only if the court
fails to comply. 

 PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED.

 

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on February 7, 2005

Opinion Delivered March 31, 2005


Before McKeithen, C.J., Gaultney and Horton, JJ.