In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00194-CV


____________________



IN RE BENJIE F. JOHNSON


 




Original Proceeding






MEMORANDUM OPINION



 Benjie F. Johnson filed a petition for writ of mandamus and a motion for temporary
relief. Johnson is a residential tenant whose eviction is currently in the county court on de
novo review of the forcible detainer suit filed by Hope Village Apartments, Inc. Johnson is
also under indictment for securing execution of a document by deception. See Tex. Pen.
Code Ann. § 32.46 (Vernon Supp. 2008). According to Johnson, the indictment concerns
his failure to indicate his felony convictions on the application form for the apartment from
which he has been evicted, and the issue is asserted in both the criminal prosecution and the
civil suit. Johnson contends the trial court abused its discretion in ordering Johnson to give
his deposition to the plaintiff while a criminal proceeding remains pending.

 In a civil case, the privilege against self-incrimination is asserted on a question-by-question basis. In re Edge Capital Group, Inc., 161 S.W.3d 764, 768 (Tex. App.--Beaumont
2005, orig. proceeding). "Blanket assertions of the Fifth Amendment privilege generally are
not permitted in civil cases." Id. In a civil case, adverse inferences may be drawn from an
assertion of the privilege. Id. at 769. "A motion for protection should not be filed solely to
avoid the assertion of the Fifth Amendment privilege in a civil case." Id. at 769-70 (citations
omitted). Abating a plaintiff's civil claims during a criminal investigation of the defendant
is akin to a blanket assertion of the Fifth Amendment privilege, which is improper in a civil
case. Gebhardt v. Gallardo, 891 S.W.2d 327, 330 (Tex. App.--San Antonio 1995, orig.
proceeding). The assertion of the privilege against self-incrimination alone does not present
a legal basis for an abatement in the civil case. Id. at 331. Although a trial court must give
consideration to the effect of discovery in a civil case on pending criminal proceedings, the
existence of a criminal case does not impair the trial court's proceeding with a
contemporaneous civil matter, and a witness's right to claim Fifth Amendment protection as
to a particular question in a civil case does not stop all proceedings in the civil case involving
the witness. Kugle v. Daimler Chrysler Corp., 88 S.W.3d 355, 361-62 (Tex. App--San
Antonio 2002, pet. denied).

 Johnson argues that a proper balancing of the various interests involved supports
abating the eviction suit until his criminal case is concluded. The case he relies on is not a
mandamus proceeding, but is an appeal in which the issue was whether the trial court abused
its discretion in dismissing the plaintiff's suit for refusing to answer questions under the
"offensive use" doctrine. Denton v. Tex. Dep't of Pub. Safety Officers Ass'n, 862 S.W.2d
785, 788 (Tex. App--Austin 1993), aff'd, 897 S.W.2d 757 (Tex. 1995). In affirming the
intermediate appellate court, "for different reasons," the Supreme Court held that, although
the trial court exceeded its discretion in dismissing the suit, each prong of the offensive use
doctrine was satisfied, and that by choosing not to waive his privilege against self-incrimination, the plaintiff exposed himself to remedial action by the trial court. Tex. Dep't
of Pub. Safety Officers Ass'n v. Denton, 897 S.W.2d 757, 761-63 (Tex. 1995). In the case
before us, no sanction has been imposed on Johnson as a result of his invocation of his
privilege against self-incrimination. Instead, Johnson seeks a prophylactic abatement of the
civil case that will leave him in possession of the premises for as long as he is under
indictment. Under appropriate circumstances, the trial court might exercise its discretion to
stay a civil case in light of pending criminal proceedings, but in this case the relator has not
shown that the trial court abused its discretion in declining to do so.

 Mandamus relief is available only to correct a clear abuse of discretion for which the
relator has no adequate remedy at law. In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
135-36 (Tex. 2004). In this case, the relator has not established a clear abuse of discretion
by the trial court for which appeal will not be an adequate remedy. The petition for writ of
mandamus is denied. All pending motions are denied as moot.

 PETITION DENIED.


 PER CURIAM



Submitted on May 26, 2009

Opinion Delivered June 11, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.