Opinion issued November 18, 2010


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00316-CV

———————————

Approximately $8,500.00, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 55th District Court

Harris County, Texas



Trial Court Case No. 2008-30053

 



MEMORANDUM OPINION

          Appellee,
the State of Texas, brought a civil forfeiture action against approximately
$8,500 that the State seized from Terrence Dillard when he was arrested.  See
Tex. Code Crim. Proc. Ann. art
59.02 (Vernon Supp. 2010).   After the
trial court sanctioned Dillard for discovery abuse, it issued a post-answer default
and nihil dicit judgment against Dillard and ordered the money forfeited.  In his appeal, Dillard raises multiple complaints
challenging the trial court’s judgment.  We
construe Dillard’s complaints as a general issue alleging the trial court
abused its discretion in sanctioning him.

          We
affirm.

BACKGROUND

          In
April 2008, Officer Purcell of the Humble Police Department stopped Dillard’s
vehicle for a traffic violation.  The
officer made contact with Dillard and identified him.  The officer asked Dillard to step outside the
vehicle so that Dillard could answer some questions and provide
information.  Dillard refused to get out
of the vehicle.  Officer Purcell then
asked another officer to search Dillard’s name and records.  The search revealed that Dillard had several
warrants for his arrest.  Officer Purcell
notified Dillard of the warrants, told him that he was under arrest, and again asked
that he get out of the vehicle.  Dillard refused
to leave the vehicle so the officers forcefully removed him and placed him into
custody.  At the jail, he was
searched.  The police found $8,500 cash
in his sock and seized the currency.  The
police used a narcotics police dog to conduct a “sniff test” on the currency.  The test returned a positive alert for
narcotics odor.  

          Dillard
represented himself at the trial level. 
He filed a motion entitled, “Motion for Return of Seized Property to the
Honorable Judge of This Court: Judge Jeff Shawick [sic] Court 55.”  Dillard later filed a document entitled, “Respondent
Notice of Pleading for Dismissal of Forfeiture & Seizure to the Honorable
Judge of Said Court: Judge Jeff Shawick [sic] Court 55.”   In this
document, Dillard made statements and assertions that the seized currency was
not contraband and asked that the court return the seized currency. 

Dillard also sent two letters.  Dillard sent a letter to the Texas Attorney
General’s Office requesting an advisory opinion concerning the seizure of his
money.  Dillard also sent a personal
letter to the Harris County Civil Courthouse and finished the letter by
stating, “Where do I pick up my money! {$8,500.00}.”  Attached to the letter was a document
entitled “Answer is Appearance.”  In the
attached document, Dillard requested that the prosecutor non-suit Dillard on
the grounds that it would be frivolous for the prosecutor to pursue the case
because the seized currency was erroneously classified as contraband.  Dillard also accused the prosecutor of
pursuing “this cause with out [sic] any merit but for her own agenda” because
she told Dillard that this case is “nothing like criminal court.”  Finally, Dillard stated that this document
served as his appearance at the pre-trial conference. 

The State served Dillard with
requests for discovery that included a request for admissions, interrogatories,
a request for disclosure, and a request for production.  In response to the State’s request for
admissions, Dillard invoked his Fifth Amendment right against
self-incrimination and did not answer any of the requests.  In response to the State’s interrogatories, Dillard
objected to every question asked by the State except one, which asked if Dillard
contended that the seized money was not subject to forfeiture, and asked
Dillard to use facts to support his answer. 
Dillard answered, “Contend not, [s]ubsequently assent that the money
made the subject of this suit is not subject to [f]orfeiture, seizure, etc.”

To the State’s request for
disclosure, Dillard responded, “Pursuant to Rule 194.2 {a}, {c}, and {f} of the
Texas Rules of Civil Procedures [sic], the respondent will disclose the
following: a} Terrence L. Dillard c} Terrence L. Dillard will prove the money
came from a reputable source, with supporting documents, statements, etc., the
respondent need no[t] marshal all evidence that may be offered at trial and f}
Name: Cornell University Law School . . . Subject Matter:
Critical Legal Theory.”  Attached to
Dillard’s response is a one-page article entitled “Critical Legal Theory.”  

In the State’s request for
production, the State asked Dillard to provide any and all documents that
identify Dillard as an employee of a business, support Dillard’s ownership interest
in the seized currency, and other similar questions.  Dillard responded, “Pursuant to Rule 196.2 of
the Texas Rules of Civil Procedures, the Respondent [o]bjects on the grounds
{b} Content of Response {4} no item have [sic] been identified – after a
diligent search – that are responsive to the request.” 

          After
receiving Dillard’s responses, the State filed a motion to compel Dillard to answer
discovery.  The court granted the motion
and ordered Dillard to properly answer the State’s discovery requests and
hand-deliver the responses to the Asset Forfeiture division of the Harris
County Attorney’s Office.  The trial
court also warned appellant that he would be subject to sanctions pursuant to
Texas Rule of Civil Procedure 215 if all discovery requests were not fully,
completely, and properly answered. 

          Appellant
failed to comply with the court’s order. 
The State filed a second motion to compel, requesting that the trial
court sanction appellant for discovery abuse. 
The trial court granted the State’s second motion to compel and
sanctioned Dillard.  In the trial court’s
order, the trial court struck Dillard’s pleadings and stated that a default
judgment was to be entered against Dillard and his interest in the
approximately $8,500.  

On January 22, 2009, the court issued
a final judgment against Dillard.  In its
final judgment, the court entered a post-answer default and nihil dicit
judgment against Dillard and ordered that the $8,500 in currency seized from
Dillard be forfeited because it was found by the court to be contraband.  

On February 18, Dillard filed a post-judgment
motion entitled “Motion for Appeal to the Honorable Judge of Said Court: Jeff
Shawick [sic], Court 55.”  On April 20,
Dillard filed a document with the trial court entitled “Submission of Filing,” but
addressed the document to this Court.

COMPLIANCE WITH APPELLATE PROCEDURAL RULES

          We
first address the State’s contention that we lack jurisdiction because Dillard
did not sufficiently perfect his appeal.

          A.      Applicable Law

Texas Rule of Appellate Procedure
26.1 provides that in civil cases an appeal is perfected when a notice of
appeal is filed within thirty days after the trial court enters an appealable
order, unless some document is filed that extends that time period to 90
days.  Tex.
R. App. P. 26.1.  A notice of
appeal must (1) identify the trial court and state the case’s trial court
number and style; (2) state the date of the judgment or order appealed from;
(3) state that the party desires to appeal, (4) state the court to which the
appeal is taken unless the appeal is to either the First or Fourteenth Court of
Appeals, in which case the notice must state that the appeal is to either of
those courts; and (5) state the name of each party filing the notice.  Tex. R.
App. P. 25.1(d).

Although Texas Rule of Appellate
Procedure 42.3(c) permits dismissal of an appeal where the appellant has failed
to comply with a requirement of the rules, a court order, or a notice from the
clerk requiring a response or other action within a specified time, the rules
do not require dismissal when an appellant fails to comply with Rule 25.1(d).  See Tex. R. App. P. 42.3(c).  Dismissal pursuant to Rule 42.3(c) is
discretionary with the appellate court.  See id.

The Texas Supreme Court has held
that the Rules of Appellate Procedure should be interpreted liberally to give
appellate courts the opportunity to reach the merits of an appeal whenever
possible.  Maxfield v. Terry, 888 S.W.2d 809, 811 (Tex. 1994); Foster v. Williams, 74 S.W.3d 200, 203
(Tex. App.—Texarkana 2002, pet. denied). 
The factor that determines whether jurisdiction has been conferred on
the appellate court is not the form or substance of the perfecting instrument,
but whether the instrument was filed in a bona fide attempt to invoke appellate
court jurisdiction.  Warwick Towers Council of Co-Owners ex. rel. St. Paul Fire & Marine
Ins. Co., 244 S.W.3d 838, 839 (Tex. 2008) (citing Walker v. Blue Water Garden Apartments, 776 S.W.2d 578, 581 (Tex. 1989)).  A court of appeals has jurisdiction over any
appeal in which the appellant files an instrument that was filed in a bona fide
attempt to invoke appellate jurisdiction.  Grand
Prairie Indep. Sch. Dist. v. S. Parts Imps., Inc., 813 S.W.2d 499, 500
(Tex. 1991).  

We construe pro se pleadings and
briefs liberally; however, parties who represent themselves must comply with
all applicable laws and rules of procedure and are held to the same standards
as licensed attorneys.  See Wheeler v. Green, 157 S.W.3d 439, 444
(Tex. 2005); Kanow v. Brownshadel,
691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ).  To do otherwise would give a pro se litigant
an unfair advantage over a litigant who is represented by counsel.  Shull
v. United Parcel Serv., 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet.
denied).  

          B.      Notice
of Appeal

          On
January 22, 2009, the trial court entered an appealable judgment against
Dillard.  The only document that Dillard
filed prior to the 30-day deadline was a post-judgment motion on February 18 entitled,
“Motion for Appeal to the Honorable Judge of Said Court: Jeff Shawick [sic],
Court 55.”  The document fails to meet
the requirements of rule 26.1.  It does
not state the date of the judgment, but instead refers to a judgment dated June
16, 2008 from a “related case” before another court.  See Tex. R. App. P. 26.1(d)(2).  The document does not state that Dillard
desires to appeal.  See id. 26.1(d)(3).  Instead,
Dillard asks the court to reconsider and correct the judgment.  Next, the document does not state the court
to which the appeal is taken.  See id. 26.1(d)(4).  Instead, the document is directed to the
trial court, specifically “[t]o the Honorable Judge of Said Court: Jeff Shawick
[sic], Court 55,” referring to the Honorable Jeff Shadwick who was defeated in
the November 2008 election for that bench. 
Although the document includes the word “appeal” in its title, we look
beyond the title of the motion to its substance to determine its nature.  See Sandles
v. Howerton, 163 S.W.3d 829, 836 (Tex. App.—Dallas 2005, no pet.)
(indicating that “a motion should be governed by its substance and not merely
by its title”).  Dillard’s motion fails
to substantially meet the requirements necessary to perfect an appeal, and even
construed liberally, we cannot conclude that the document qualifies as a bona
fide attempt to invoke appellate jurisdiction.

Although Dillard’s post-judgment
motion was not identified as a motion to modify the judgment, any timely filed
post-judgment motion that seeks a substantive change in an existing judgment
qualifies as a motion to modify under rule 329b(g) of the Texas Rules of Civil
Procedure, thus extending the trial court’s plenary jurisdiction and the
appellate timetable.  Lane Bank Equip. Co. v. Smith S. Equip.,
Inc., 10 S.W.3d 308, 314 (Tex. 2000); see
also Tex. R. Civ. P. 329b(g);
Tex. R. App. P. 26.1.  In his motion, Dillard requested that the
trial court reconsider the judgment, and, although he listed a judgment from
2008, he mentioned the $8,500.  In
reviewing the document liberally, we conclude that the document qualifies as a
motion to modify.  See Ashley v. Harris County Risk Mgmt., 104 S.W.3d 905, 906 n.2
(Tex. App.—Corpus Christi 2003, no pet.) (noting that post-judgment motion
qualified as motion to modify because it sought substantive change in existing
judgment, even though post-judgment motion was not denominated as motion for
new trial).

Dillard’s motion to modify the judgment
was timely filed and, therefore, extended the deadline for the notice of appeal
to 90 days from the date of the trial court judgment.  See Tex. R. Civ. P. 329b(g); Tex. R. App. P. 26.1.  The only other document filed by Dillard
within the 90-day time period is a document entitled, “Submission of Filing Etc.,”
filed April 20, 2009.  

The April 20, 2009 “Submission”
failed to identify the trial court but did state the case’s trial court number
and style of the case.  See Tex.
R. App. P. 25.1(d)(1).  The
document failed to state the date of the judgment appealed and did not directly
state that Dillard wished to appeal.  See id. 25.1(d)(2) & (3).  The document did, however, identify our court
in the heading and identified Dillard as the party submitting the document in
the signature line.  See id. 25.1(d)(4) & (5). 
Additionally, it noted that this is a “New Motion of Return of Seized
Property to the Appeal Court.”  Keeping
in mind the Supreme Court’s direction to interpret the Rules of Appellate Procedure
liberally, we conclude that this statement indicates Dillard intended to appeal
and that the document as a whole qualifies as a bona fide attempt to invoke
appellate jurisdiction.  See Foster, 74 S.W.3d 200, 203 (Tex. App.—Texarkana
2002, pet. denied) (holding that docketing statement constituted a bona fide
attempt to perfect an appeal even though docketing statement presupposes that
valid notice of appeal has been filed); see
also In re Smith, 270 S.W.3d 783, 786–87 (Tex. App.—Waco 2008, no pet.) (noting
that letter constituted bona fide attempt to invoke appellate court
jurisdiction because it contained language indicating appellant’s desire to
invoke appellate jurisdiction).  Because
Dillard filed the document in a bona fide attempt to invoke this Court’s
jurisdiction, we will address the merits of his appeal.

We overrule the State’s argument on
this point.

DISCOVERY ABUSE SANCTIONS

Dillard raises numerous assertions
in his brief that fail to comply with appellate procedural rules and any recognized
standard of review.  However, both the
rules of appellate procedure and applicable case law require us to construe
briefing rules liberally.  See Republic Underwriters Ins. Co. v.
Mex-Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004); see also Tex. R. App. P.
38.9.  Thus, we interpret Dillard’s complaints
as alleging that the trial court abused its discretion in awarding discovery
abuse sanctions against Dillard.

A.      Standard of
Review 

We review a trial court’s ruling on
a motion for sanctions under an abuse of discretion standard.  Scott
Bader, Inc. v. Sandstone Prods., Inc., 248 S.W.3d 802, 812 (Tex.
App.—Houston [1st Dist.] 2008, no pet.) (citing Cire v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004)).  A trial court abuses its discretion when its
ruling is arbitrary and unreasonable without reference to any guiding rules and
principles.  Id.  In conducting our
review, we are not limited to a review of the “sufficiency of the evidence” to
support the trial court’s findings; rather, we make an independent inquiry of
the entire record to determine whether the trial court abused its discretion by
imposing the sanction.  Id.

B.      Applicable Law

Under rule 215, the trial court has
discretion to dismiss a case with prejudice when a party fails to obey a court
order to comply with proper discovery requests. See Tex. R. Civ. P. 215.2(b)(5).  A death penalty sanction “is of particular
concern” because the trial court renders judgment without addressing the merits
of the case.  Finley Oilwell Serv., Inc. v. Retamco Operating, Inc., 248 S.W.3d
314, 319 (Tex. App.—San Antonio 2007, pet. denied) (citing Hamill v. Level, 917 S.W.2d 15, 16 (Tex. 1996)). Accordingly, such
sanctions must be reserved for circumstances in which a party has so abused the
rules of procedure, despite imposition of lesser sanctions, that the party’s
position can be presumed to lack merit and it would be unjust to permit the
party to present the substance of that position before the court.  Id. (citing
TransAmerican Natural Gas Corp. v. Powell,
811 S.W.2d 913, 918 (Tex. 1991)).

In evaluating whether sanctions are
“just,” we consider (1) whether a direct relationship exists between the
offensive conduct, the offender, and the sanction imposed, and (2) whether the
sanctions ordered are excessive to punish the improper conduct.  Scott
Bader, Inc., 248 S.W.3d at 812 (citing TransAmerican,
811 S.W.2d at 917).  A sanction imposed
for discovery abuse should be no more severe than necessary to satisfy its
legitimate purposes, which includes securing compliance with discovery rules,
deterring other litigants from similar misconduct, and punishing any
violators.  Id.  For this reason, courts
must consider less stringent sanctions and whether such lesser sanctions would
fully promote compliance.  Id. (citing TransAmerican, 811 S.W.2d at 917; Cire, 134 S.W.3d at 839). 
“Under this standard, the trial court need not test the effectiveness of
each available lesser sanction by actually imposing the lesser sanction on the
party before issuing the death penalty; rather, the trial court must analyze
the available sanctions and offer a reasoned explanation as to the
appropriateness of the sanction imposed.” 
Cire, 134 S.W.3d at 840
(citing GTE Commc’ns Sys. Corp. v. Tanner,
856 S.W.2d 725, 729 (Tex. 1993) (“[T]he record must reflect the trial court
considered the availability of lesser sanctions.”); Spohn Hosp. v. Mayer, 104 S.W.3d 878, 883 (Tex. 2003) (noting that
the record should “contain some explanation of the appropriateness of the
sanctions imposed.”)).

C.      Analysis

We must first determine whether
there was a direct nexus among the offensive conduct, the offender, and the
sanction imposed.  Our Court has recognized
that the determination of whether a direct relationship exists between
offensive conduct and the sanctions imposed necessarily requires determining
whether the underlying conduct actually constitutes an abuse of the discovery
process.  Scott Bader, Inc., 248 S.W.3d at 812; see also In re Supportkids, Inc., 124 S.W.3d 804, 807 (Tex. App.—Houston
[1st Dist.] 2003, orig. proceeding).   Here, Dillard did not answer any of the State’s
requests for admissions and instead invoked a Fifth Amendment right against
self-incrimination.  The law is clear
that in civil cases a party may not make a blanket objection to all discovery,
but must state an objection to each individual discovery request.  See Burton
v. West, 749 S.W.2d 505, 507–08 (Tex. App.—Houston [1st Dist.] 1988, orig.
proceeding) (holding in civil forfeiture case that relator may not make blanket
Fifth Amendment objection to all interrogatories propounded, but must instead
state objections to each individual interrogatory); see also, e.g., In re Edge
Capital Group, Inc., 161 S.W.3d 764, 768 (Tex. App.—Beaumont 2005, orig.
proceeding) (blanket assertions of Fifth Amendment privilege generally are not
permitted in civil cases); In re R.R.,
26 S.W.3d 569, 574 (Tex. App.—Dallas 2000, orig. proceeding) (trial court could
refuse to allow blanket denial of all discovery in civil case based upon
pending criminal case).

In answering the State’s interrogatories,
Dillard objected to 17 of the 18 requests without identifying his actual
objection, or the legal or factual basis for each objection, as required by
Texas Rule of Civil Procedure 193.2(a).  See Thomas v. Select Portfolio Servicing,
Inc., 293 S.W.3d 316, 320 (Tex. App.—Beaumont 2009, no pet.) (holding
answers to requests for admissions, to which appellant merely wrote “objection”
for each request, improper responses because objections failed to state legal
or factual basis for each objection); see
also Unifund CCR Partners v. Weaver, 262 S.W.3d 796, 798 (Tex. 2008)
(noting that to constitute valid objection, “party must state specifically the legal
or factual basis for the objection and the extent to which the party is refusing
to comply with the request”) (quoting Tex
R. Civ. P. 193.2(a)).  

In answering the State’s request
for disclosure, Dillard made one nonsensical statement and attached a one-page
description of the Critical Legal Theory. 
In answering the State’s request for production, Dillard simply responded
that he objected to the request because he could not find any “items” that were
responsive to the request, even though the State asked only for some
documentation to show he had a legitimate relationship to the seized currency.  

After receiving these responses,
the State moved to compel Dillard to properly answer the discovery requests.  In its order granting the State’s first motion
to compel, the trial court ordered Dillard to properly answer discovery, and
warned Dillard that if he failed to “fully, completely and properly” answer the
State’s requests, Dillard would be “subject to all sanctions as provided by
Rule 215 T.R.C.P.”  Dillard did not
comply with the court’s order.  Based
upon the totality of the record, we conclude Dillard’s actions constitute an
abuse of the discovery process.  See Scott Bader, Inc., 248 S.W.3d at
812.

We must next decide whether the
sanctions ordered were excessive, in light of the fact that the sanctions resulted
in a post-answer default judgment.  See Scott Bader, Inc., 248 S.W.3d at
812; Finley Oilwell Serv., Inc., 248
S.W.3d at 319.  In assessing sanctions,
the trial court is entitled to consider the entire course of the litigation and
need not test the effectiveness of each available lesser sanction before
issuing the death penalty.  Cire, 134 S.W.3d at 840; Broesche v. Jacobson, 218 S.W.3d 267,
277 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).  The record must, nevertheless, reflect that
the trial court analyzed the available sanctions and offered a reasoned
explanation as to the appropriateness of the sanction imposed.  Cire,
134 S.W.3d at 840.

The record shows that during this
litigation, appellant abused the discovery process and failed to produce any
evidence or response that advanced his position that the $8,500 in seized
currency was derived from legitimate means. 
Dillard also ignored a court order and the court’s warning regarding
sanctions if Dillard did not comply with the court’s order.  

The record shows that in response
to Dillard’s actions, the court first analyzed the available sanctions.  When the trial court warned Dillard in its
first order, it stated that it would consider “all sanctions as provided by
Rule 215” if Dillard did not comply with the order.  Additionally, in its second order, the court
struck the State’s attempt to levy monetary fines against Dillard.  See
Cire, 134 S.W.3d at 840.  

Next, the record shows that the
court offered a reasoned explanation for appropriateness of the sanction
imposed when it noted that it granted sanctions based upon its consideration of
the State’s second motion, all submitted responses, and arguments of counsel.  See
Cire, 134 S.W.3d at 840.  Explanations
for the sanctions included in the motion were Dillard’s failure to comply in
any way with the court’s first order, his failure to provide any evidence or
response that advanced his defense that the $8,500 in seized currency was
derived from legitimate means, and his denial to the State of any opportunity
to investigate the legitimacy of his claims.

Finally, the record shows that the
trial court also struck the State’s request to compel discovery for the third
time, indicating the court believed that another order to compel and lesser
stringent sanctions would not result in Dillard’s compliance.  See Finley
Oilwell Serv., Inc., 248 S.W.3d at 319. 
Based upon the entire record, we conclude the sanctions were not
excessive.  See id. (noting “death penalty sanctions” must be reserved for
circumstances in which a party has so abused rules of procedure that party’s
position can be presumed to lack merit); see
also Cire, 134 S.W.3d at 840 (noting that case-determinative sanctions may
be imposed without imposing lesser sanctions in “exceptional cases” when
sanctions are clearly justified and it is fully apparent that lesser sanctions
would not promote compliance with rules). 
Accordingly, we hold that the trial court did not abuse its discretion
by finding Dillard had engaged in sanctionable conduct during the discovery
process and rendering a post-answer default judgment against Dillard.  

          We
overrule Dillard’s sole issue.

CONCLUSION

We affirm the trial court’s judgment.         

 

 

 

Sherry
Radack

                                                                             Chief Justice 

 

Panel consists
of Chief Justice Radack and Justices Bland and Massengale.