In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00423-CV**
_____


**IN RE TINA FONTAINE AND GERALD FONTAINE**


**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 17-08-09496-CV**


**MEMORANDUM OPINION**

Tina Fontaine and Gerald Fontaine seek mandamus relief from an order that denied all discovery from the real party in interest, Charles Michael Glaze, during the pendency of any criminal proceeding against Glaze. We conditionally grant mandamus relief.

Background

Glaze is under indictment for the aggravated robbery and aggravated kidnapping of Tina Fontaine. The Fontaines filed a civil personal injury suit against Glaze and made requests for disclosure and discovery. Glaze moved for protection

1

from discovery until the criminal charges against him are resolved. The trial court granted Glaze's motion on October 26, 2017, protecting Glaze from all discovery, oral and written, until the criminal charges against him have been resolved.

## Standard for Granting Mandamus Relief

Mandamus will issue if the relators establish a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). "[A] denial of discovery going to the heart of a party's case may render the appellate remedy inadequate." *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992).

## Invoking the Fifth Amendment in a Civil Case

Generally, the scope of discovery is within the trial court's discretion. *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding). A person from whom discovery is sought may move for a protective order, but he should not move for protection when an objection to written discovery or an assertion of privilege is appropriate. Tex. R. Civ. P. 192.6(a). "Generally, if a party resists discovery based on a privilege the party must assert the privilege in response to specific discovery requests or questions." *In re Edge Capital Group, Inc.*, 161 S.W.3d 764, 767 (Tex. App.—Beaumont 2005, orig. proceeding). In particular, the protection afforded by the Fifth Amendment "is not against the propounding of the

question but is the right to refuse to answer if he claims that privilege." *Meyer v. Tunks*, 360 S.W.2d 518, 521 (Tex. 1962) (orig. proceeding). "Upon a party's assertion of the Fifth Amendment privilege to a discovery request, the trial court reviews the discovery request, applies the law of privilege, discovery, and protection to the request, and determines how best to protect the privilege, the right to proceed with the case, and the right to defend the suit." *Edge Capital*, 161 S.W.3d at 768. "Blanket assertions of the Fifth Amendment privilege generally are not permitted in civil cases." *Id.*

Glaze argues that Rule 192.6 and the trial court's inherent power to control its docket grant the trial court discretion to stay all discovery from him until his criminal case is resolved because allowing discovery to proceed against him in the civil case would force him to choose between prejudicing his defense in the criminal proceeding and fully defending himself in the civil suit. *See* Tex. R. Civ. P. 192.6(b).[1] The trial court may exercise discretion in considering whether a

---

[1] To protect the movant from . . . invasion of . . . constitutional . . . rights, the court may make any order in the interest of justice and may--among other things--order that: (1) the requested discovery not be sought in whole or in part; (2) the extent or subject matter of discovery be limited; (3) the discovery not be undertaken at the time or place specified; (4) the discovery be undertaken only by such method or upon such terms and conditions or at the time and place directed by the court; (5) the results of discovery be sealed or otherwise protected, subject to the provisions of Rule 76a.

deposition should be stayed. *See Meyer*, 360 S.W.2d at 523. But, that discretion is confined by the provisions of the rules concerning the proper assertion of a privilege, such as the privilege against self-incrimination. *See* Tex. R. Civ. P. 192.6(a); *Edge Capital*, 161 S.W.3d at 767. If Glaze claims the protection of the Fifth Amendment in his responses to discovery or in a deposition, the trial court may consider the appropriate action on a question-by-question basis. *See Edge Capital*, 161 S.W.3d at 767. A blanket stoppage of discovery, such as the trial court ordered as to the Fontaines' discovery from Glaze, is impermissible in a civil case. *See In re R.R.*, 26 S.W.3d 569, 574 (Tex. App.—Dallas 2000, orig. proceeding). We conclude that the trial court abused its discretion.

The trial court's order prevents the Fontaines from developing the evidence for their case by obtaining discovery from the defendant. Under these circumstances, the appellate remedy is inadequate. *See Edge Capital*, 161 S.W.3d at 767. Therefore, we conditionally grant the petition for a writ of mandamus.

We are confident that the trial court will follow this opinion and vacate its order of October 26, 2017, which stayed all discovery sought from Charles Michael

---

Tex. R. Civ. P. 192.6(b).

4

Glaze by Tina and Gerald Fontaine. The writ will issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on November 20, 2017
Opinion Delivered December 14, 2017

Before McKeithen, C.J., Kreger and Horton, JJ.

5