**Henry Ellis BURTON, Relator,**

v.

**W. David WEST, Judge of the 269TH District Court of Harris County, Texas, Respondent.**

No. 01–87–00935–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 3, 1988.

Rehearing Denied May 3, 1988.

Dan Gearson, Houston, for relator.

John S. Cossum, Special Crimes Bureau, Houston, for respondent.

Before DUGGAN, LEVY and WARREN, JJ.

## ORIGINAL PROCEEDING ON PETITION FOR MANDAMUS

WARREN, Justice.

Relator's petition for writ of mandamus seeks an order directing the Hon. David West to withdraw his order granting discovery and threatening to strike relator's pleadings if he does not answer interrogatories propounded by the State. The State of Texas brought suit in the trial court seeking to forfeit cash found in relator's possession when he was arrested on a drug charge.

Relator contends that he may not lawfully be required to answer the interrogatories because they force him to incriminate himself, in violation of the Fifth Amendment to the United States Constitution and article I, section 10 of the Texas Constitution.

On April 26, 1987, relator, while driving an automobile in Harris County, was stopped and arrested for possession of a controlled substance. Simultaneous with the arrest, the police confiscated $14,379 and a quantity of cocaine.

On May 13, 1987, the criminal charge was dismissed, but on May 19, the State filed a suit under Tex.Rev.Civ.Stat.Ann. art. 4476–15 (Vernon Supp.1988), seeking a forfeiture of the cash found in relator's automobile, claiming that it was derived from the illegal sale, distribution, or delivery of controlled substances.

Relator timely filed a verified answer in accordance with § 5.07(a) of article 4476–15, in which he swore:

> My name is Henry Ellis Burton. I reside at 5630 Belmark, Houston, Texas. I have read the attached Plaintiff's Original Notice of Seizure and Intended Forfeiture and each and every allegation and statement contained therein is positively within my personal knowledge and false.

> Furthermore, the Fourteen Thousand Three Hundred Seventy–Nine and No/100 (14,379.00) Dollars that was seized from me on the 26th day of April, 1987, did not arise, derive, generate from nor was otherwise even remotely connected with the sale, distribution or delivery of a controlled substance. Nor was such sum of money used or intended to be used pursuant to any violation of the 'Texas Controlled Substance Act'.

Such an answer places the burden of proof by a preponderance of the evidence upon the State. Section 5.07(b). If appellant had not responded with a verified answer, the State's notice of seizure and intended forfeiture would have constituted "prima facie evidence that the property is subject to forfeiture" requiring it to prove nothing further at trial. *Id.*

The State then commenced discovery by serving interrogatories and a request for production upon relator. The State's interrogatories follow:

(1) State your full name, permanent address, date of birth, social security number, driver's license number, aliases, places of employment and home and work phone numbers.

(2) Identify the person who had possession of the Brown Fiat automobile, bearing license # YJY95 when it was seized on April 26, 1987 by officers of the Houston Police Department.

(3) Identify the owner of the $14,379.00 seized on April 26, 1987, and all other persons holding an interest therein, including the extent of their interest and how it was obtained.

(4) Identify all persons having access to the brown Fiat from which the $14,-379.00 was seized on April 26, 1987, in the month preceding the seizure of the money.

(5) Identify the source of the $14,379.00 recovered on April 26, 1987, including the person(s) from whom it was obtained and how it was earned.

(6) Identify all accounts, business or personal, held by you at financial institutions, including, but not limited to,

banks, savings and loans, investment companies and credit unions.

(7) State the total amount of income derived by you in 1985 and 1986 from the sale of cocaine and other illegal substances.

(8) State the total amount of income derived by you in 1985 and 1986 from all sources, and identify all the sources.

(9) State the total amount of income reported by you in 1985 and 1986 on your Federal Income Tax return and identify each source of the income reported.

(10) Identify all persons having knowledge of the source or intended use of the $14,379.00 recovered on April 26, 1987.

(11) Identify the owner of the briefcase containing money on April 26, 1987 when you were questioned by officers of the Houston Police Department.

(12) Identify all persons with whom you were to meet at the Flamingo Hotel on April 26, 1987 and the reasons for the meeting.

(13) List all of your previous arrests occuring [sic] within the last 5 years, including the date, the location, and the name of the law enforcement agency responsible for the arrest.

(14) State the reason why you fled from officers of the Houston Police Department on April 26, 1987, immediately preceding your arrest.

(15) Identify the owner of the cocaine found in your car by officers of the Houston Police Department on April 26, 1987.

(16) Identify all persons providing information to answer the above interrogatories.

Appellant made a blanket objection to the interrogatories and request for production, stating that his fifth amendment right against self-incrimination would be violated if he complied with the discovery. Relator also filed a motion for protective order pursuant to Tex.R.Civ.P. 166b attempting to bar the State from compelling him to comply with the discovery requests. The respondent overruled relator's motion and ordered him to answer the interrogatories and respond to the request for production "or be subject to having his pleadings ... struck." It is from this order that relator seeks relief.

We must determine whether respondent clearly abused his discretion in ordering appellant to respond to the State's discovery requests. *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex.1984).

Relator claims that he will suffer irreparable harm if compelled to answer the interrogatories, and that he has not waived his fifth amendment rights.

The State claims that: (1) mandamus is improper because relator has an adequate remedy by appeal; (2) the proceeding is civil in nature, and thus relator has no fifth amendment right; (3) relator cannot make a blanket refusal to answer the interrogatories; and (4) relator has waived his fifth amendment rights by filing an answer to the State's petition.

When the State is a plaintiff in a civil suit, it is proper for the State to call the defendant as a witness, to take his deposition, or to make other discovery allowed under the Texas Rules of Civil Procedure; however, upon becoming a witness, a defendant retains his right and privilege against self-incrimination guaranteed under the United States and Texas Constitutions. *Maness v. Meyers*, 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975); *Ex parte Butler*, 522 S.W.2d 196 (Tex.1975).

But when a witness refuses to answer upon this ground, he is not the exclusive judge of his right to exercise the privilege. The judge is entitled to determine whether the refusal to answer appears to be based upon the good faith of the witness and is justifiable under the circumstances. *Farmer v. State*, 491 S.W.2d 133 (Tex. Crim.App.1973). This inquiry is necessarily limited, because the witness need only show that an answer to the question is likely to be hazardous to him; the witness cannot be required to disclose the very information that the privilege protects.

**508**

Before the judge may compel the witness to answer, it must be "perfectly clear, from a careful consideration of all the circumstances in the case that the witness is mistaken, and that the answer cannot possibly have such a tendency to incriminate." *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

Thus each question for which the privilege is claimed must be studied, and the court must decide whether an answer to the question could tend to incriminate the witness in a crime. In some instances, the ramifications of answering will be apparent, in others, not so apparent. It is the latter situation that presents a difficult problem, because the witness must reveal enough to demonstrate hazard without revealing the very information he or she seeks to conceal. When the witness has given the reasons for refusing to answer, the judge must then evaluate those reasons by the high standard of review stated above. *Warford v. Beard,* 653 S.W.2d 908, 912 (Tex.App.—Amarillo 1983, no writ).

The rule extends to documents as well as oral testimony. *Warford,* 653 S.W.2d at 912. But in order to be privileged, the documents must have a strong personal connection to the witness, i.e., documents that he himself wrote or that were written under his immediate supervision. It follows that documents belonging to or prepared by others are not protected, even if they contain incriminating matters. *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).

In our case, the State's interrogatories embrace a variety of areas. It is the trial judge's duty to consider appellant's evidence and argument on each individual question and determine whether the privilege against self-incrimination is meritorious.

■ We hold that: (1) relator may not make a blanket objection to all of the interrogatories propounded, but must state his objections to each of the individual interrogatories;

(2) filing a verified answer in accordance with Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 5.07(a) does not constitute a waiver of appellant's right to claim the privilege against self-incrimination;

(3) the trial judge may in its discretion require, but is not obligated to require, that the written documents be examined in camera;

(4) the trial court must make its ruling on each individual interrogatory, and enter such rulings in the court's order.

We must grant relator's application for a writ of mandamus because the above procedures were not followed; however, we are confident that Judge West will vacate his order, so the writ will not issue unless he refuses to do so.