In re Ronald A. PIPERI, Debtor.

Ronald A. PIPERI, Appellant,

v.

Jorge GUTIERREZ, as Receiver for Rio Grande Savings and Loan Association, in Liquidation, Appellee.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Manager of the FSLIC Resolution Fund, Savings & Loan Association, in Liquidation, Plaintiff,

v.

Ronald A. PIPERI, Defendant.

Ray C. WILSON, Creditors Trustee for Mortgage Investment Company of El Paso, Texas, Mortgage Investment Company of El Paso, Texas and Associated Investment Company of El Paso, Texas, Plaintiffs,

v.

Ronald A. PIPERI, Defendant.

FIRST HEIGHTS BANK, FSB, Plaintiff,

v.

Ronald A. PIPERI, Defendant.

Bankruptcy No. 90–08012–H3–11. Adv. Nos. 91–0103–H3, 91–0125–H3, 91–4372–H3 and 91–4375–H3.

United States Bankruptcy Court, S.D. Texas, Houston Division.

Dec. 20, 1991.

Craig H. Cavalier, Cavalier & Associates, P.C., Houston, Tex., for debtor.

Judy Robbins, Houston, Tex., for FDIC as Receiver for Sam Houston Bank.

John G. Colucci, Honigman, Miller, Schwartz, & Cohn, Houston, Tex., for Ray C. Wilson, Creditors' Trustee for Mortg. Inv. Co. of El Paso, Texas and Associated Inv. Co. of El Paso, Tex.

Marvin Isgur, Thomas Kirkendall, Thomas Kirkendall, Maddox, Perrin, Kirkendall, Colling & Christie, Houston, Tex., for Jorge A. Gutierrez as Receiver for Rio Grande Sav. and Loan Ass'n.

H. Miles Cohn, Honigman, Miller, Schwartz, & Cohn, Houston, Tex., for First Heights State Bank, fsb.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for consideration the Debtor's First Amended Motion for Stay or Abatement of Proceedings, filed in the main case and Adversary Nos. 91–0103, 91–0125, 91–4372, and 91–4375.[1] After considering the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law, and enters a separate conforming Judgment denying the relief requested. To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

### Findings of Fact

1. The main bankruptcy case to which these adversary proceedings relate began with the filing of the Debtor's voluntary

---

**1.** Partial Summary Judgment has been granted in Adversary No. 91–0103. Consideration of a stay in connection with that matter is unnecessary as to that portion as to which summary judgment has been granted. Adversary No. 91–0125 has been dismissed on the motion of the plaintiff, FDIC.

Chapter 11 petition on November 12, 1990. The case was converted to a case under Chapter 7 of the Bankruptcy Code on August 23, 1991.

2. During the past several months, the Debtor's attorney alleges that the Debtor has been the target of a pending federal criminal investigation by the United States Department of Justice, Federal Bureau of Investigation, and the United States Attorney's Office for the Southern District of Texas.

3. This probe has allegedly included inquiries into financial statements which were supplied by, or on behalf of, the Debtor. Upon the advice of counsel, the Debtor states he has been instructed to invoke his Fifth Amendment privilege with respect to all matters which fall within the scope of the criminal investigation. The Debtor and his counsel have determined this extends to all information other than statement of his name, and includes declining to file pretrial statements pursuant to Docket Control Orders.

4. Prior to the conversion of the case, the above-captioned adversary proceedings were filed. The Debtor seeks a stay of the adversary proceedings brought under 11 U.S.C. §§ 523 and 727. He maintains that a stay is necessary to protect his constitutional privilege against self-incrimination and to prevent the criminal authorities from obtaining potentially incriminating material from the liberal discovery procedures available in bankruptcy litigation which would not otherwise be discoverable under the rules of criminal procedure.

5. The Debtor's attorney put on no evidence as to the status of an investigation of the Debtor, and was unable to produce any evidence showing affirmatively that the Debtor is the target of an investigation, other than the testimony of the Debtor's attorney that he was involved in "conversations" with officials of the Department of Justice.

6. The Debtor has not demonstrated that he has been subpoenaed to testify before a Grand Jury.

### Conclusions of Law

■ 1. Three elements are required for a proper assertion of the Fifth Amendment privilege: 1) a compelled disclosure, 2) found to be testimonial, 3) which is incriminatory. *In re Connelly*, 59 B.R. 421, 431 (Bankr.N.D.Ill.1986); *Andresen v. Maryland*, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976).

■ 2. The debtor bears the burden of proof in demonstrating that he has "reasonable cause to apprehend a real danger of incrimination" *Connelly*, 59 B.R., at 432; *In re Morganroth*, 718 F.2d 161 (6th Cir. 1983); *Hoffman v. United States*, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

3. The central question is whether the Debtor's attorney's conversations with Department of Justice investigators gives him reasonable cause to apprehend a real danger of incrimination.

■ 4. The court must make a determination of the legitimacy and scope of the privilege. A blanket assertion of the privilege is unacceptable. *U.S. v. Goodwin*, 625 F.2d 693 (5th Cir.1980). The debtor squarely bears the burden of providing sworn justifications for each and every assertion of Fifth Amendment privilege. The debtor must come forward with some minimal credible reasons that disclosure poses a real threat of incrimination. *Connelly*, 59 B.R., at 432; *Martin–Trigona v. Gouletas*, 634 F.2d 354 (7th Cir.) *cert. denied* 449 U.S. 1025, 101 S.Ct. 593, 66 L.Ed.2d 486 (1980).

■ 5. Although there is no constitutional mandate for a stay of civil proceedings pending the outcome of criminal proceedings, a court may, in its discretion, decide to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions in the interests of justice, either at the request of the prosecution or at the request of the defendant. *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1372 (D.C.Cir. *en banc*); *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980).

■ 6. A complete stay of a pending civil action until the outcome of related criminal proceedings is an extraordinary

remedy. *Weil v. Markowitz*, 829 F.2d 166, 174 (D.C.Cir.1987).

7. The Debtor voluntarily sought the protection of the bankruptcy court. The Bankruptcy Code gives debtors access to relief not obtainable outside bankruptcy: a discharge of debts. The adversary proceedings brought under § 523 and § 727 of the Bankruptcy Code seek to deny the debtor's discharge or except debts from discharge. The debtor cannot use the bankruptcy court to broaden the benefits afforded to an accused by the Fifth Amendment. To do so would allow the debtor to use the Fifth Amendment as a shield, while impermissibly using the Bankruptcy Code as a sword with which to take unfair advantage of creditors. *See, e.g., In re Oot,* 112 B.R. 497, 501 (Bankr.N.D.N.Y.1989).

8. The Debtor has not made the minimum evidentiary showing necessary to enable the court to make its determination of whether the asserted privilege would extend to each and every item sought to be discovered or docket control dates for which abatement is sought in the captioned adversary proceedings.

9. Based on the evidence presented, the court concludes that the Debtor has not demonstrated reasonable cause to apprehend a real danger of incrimination.

Based on the foregoing, the Debtor's First Amended Motion for Stay or Abatement of Proceedings, filed in the main case and Adversary Nos. 91–0103, 91–0125, 91–4372, and 91–4375 is denied.