Opinion issued October 29, 2007










In The

Court of Appeals

For the

First District of Texas

____________


NO. 01-07-00569-CV

____________


IN RE LUIZ ALONZO ALVAREZ, Relators






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION Relator Luiz Alonzo Alvarez filed a petition for a writ of mandamus,
complaining of Judge Dorfman's June 25, 2007 order denying Alvarez's motion for
protection from discovery. (1) The real parties in interest are: (1) Jonathan McKinley,
individually and as independent administrator of the estate of Michelle McKinley and
as next friend of Quinn McKinley, a minor, and Paige McKinley, a deceased minor;
(2) Martha Olson; and (3) Stacey Hoyle, individually and as independent
administrator of the estate of Jay Hoyle and as next friend of Rachel Hoyle and Erin
Hoyle, minors.

 Alvarez is a truck driver for Louisiana Transportation, Inc. On April 1, 2006,
Alvarez was involved in an accident in which Michelle McKinley, Paige McKinley,
and Jay Hoyle were killed. The real parties in interest filed suit against Alvarez and
Louisiana Transportation on April 21, 2006. On May 23, 2007, Alvarez was indicted 

for injury to a child and two counts of criminally negligent homicide.

 Alvarez filed multiple motions to quash his deposition. Judge Dorfman granted
three of those motions on December 13, 2006, February 13, 2007, and March 20,
2007. On June 25, 2007, Judge Dorfman denied Alvarez's motion for protection from
discovery, but also stated, "In accordance with the Court's prior statement on this
matter, the Court will take into account the defendant's assertion, if any, of his Fifth
Amendment privilege, and the pendency of any parallel criminal proceeding, before
proceeding to trial or hearing pretrial dispositive motions that might place defendant
Alvarez at substantial disadvantage due to such assertion."

 Alvarez claims that Judge Dorfman abused his discretion in denying the motion
for protection from discovery based on the Fifth Amendment. Alvarez has yet to
assert a Fifth Amendment privilege in response to discovery, but instead asserts he
is entitled to protection from all discovery while the criminal proceedings are
pending. This is not Texas law. See, e.g., In re Edge Capital Group, Inc., 161
S.W.3d 764, 768 (Tex. App.--Beaumont 2005, orig. proceeding) (blanket assertions
of Fifth Amendment privilege generally are not permitted in civil cases); In re R.R., 

26 S.W.3d 569, 574 (Tex. App.--Dallas 2000, orig. proceeding) (blanket denial of
all discovery in civil case due to pending criminal case is not good public policy);
Burton v. West, 749 S.W.2d 505, 508 (Tex. App.--Houston [1st Dist.] 1988, orig.
proceeding) (holding relator may not make blanket Fifth Amendment objection to all
interrogatories propounded, but must instead state objections to each individual
interrogatory).

 We deny the petition for a writ of mandamus. The stay issued September 19,
2007 is vacated.


PER CURIAM

Panel consists of Justice Nuchia, Jennings, and Keyes.
1.