

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00230-CV

IN RE KATRENA BECKER AND CARL DEAN MATTHEWS, RELATORS

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

July 11, 2018

OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Relators, Katrena Becker and Carl Dean Matthews (Becker/Matthews), petition this court for a writ of mandamus. Through it, they ask that we direct the Honorable Anna Estevez, 251st Judicial District, "to vacate the portion of her May 2, 2018 Order permitting interrogatories be propounded to Relators and requiring Relators' depositions be taken between July 10, 2018 and August 31, 2018" and "to enter an order Granting Relators' Motion to Abate." Through the latter, Becker/Matthews wanted the trial court to "temporarily stay this civil case so that any criminal proceedings against them may proceed without interference and their constitutional rights will not be compromised." We deny the petition.

*Authority*

Mandamus is an extraordinary remedy granted only when a relator shows that the trial court clearly abused its discretion and that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *In re Lloyd*, No. 07-16-00340-CV, 2016 Tex. App. LEXIS 10489, at *3 (Tex. App.—Amarillo Sept. 26, 2016, orig. proceeding) (mem. op.). A relator bears the burden of proving these two requirements. *In re Lloyd,* 2016 Tex. App. LEXIS 10489, at *3. So too must the relator show that 1) the trial court had a legal duty to perform, 2) performance was demanded of the court, and 3) it refused. *Id.*

Next, whether to grant or deny a motion to abate a proceeding lies within the trial court's discretion. *In re AAA Tex. Cty. Mut. Ins. Co.*, No 12-15-00277-CV, 2016 Tex. App. LEXIS 9000, at *3 (Tex. App.—Tyler Aug. 18, 2016, orig. proceeding) (mem. op.); *In re Am. Nat'l Cty. Mut. Ins. Co.*, 384 S.W.3d 429, 435 (Tex. App.—Austin 2012, orig. proceeding). In exercising that discretion, the trial court must be mindful of its duty to schedule proceedings so as to expeditiously dispose of them. *Jongebloed v. Horkey Oil Co.*, No. 07-03-00052-CV, 2005 Tex. App. LEXIS 2793, at *8 (Tex. App.—Amarillo Apr. 12, 2005, pet. denied) (mem. op.). In turn, we must be respectful of the trial court's considerable discretion in managing its docket. *Id.*

*Application of Authority*

Amarillo Natural Gas, Inc., Paisano Natural Gas, Inc., Paisano Pronto, Ltd., and William Leslie Price (Amarillo) sued approximately ninety-seven different entities and individuals to recover damages for tortious acts allegedly committed by those defendants. The causes of action alleged included conversion, fraud, breached fiduciary duty, and

mail fraud.  Becker/Matthews were two of the ninety-seven sued.  Furthermore, the action was commenced in March of 2016.  Its two-year anniversary date lapsed several months ago.

The motion to abate was at least the second one filed by Becker/Matthews based upon purported criminal investigations being conducted by various federal governmental agencies.  Furthermore, the order underlying this petition for writ of mandamus was actually another one which granted Becker/Matthews relief and abated the conduct of discovery in some manner.  At least one other had been issued.  This time, however, the trial court abated the proceeding until July 9, 2018, and decided to permit discovery to proceed thereafter.  A primary reason underlying its decision to do so was the existence of a special two-week trial setting scheduled in January 2019.  According to counsel for the plaintiffs, further postponing discovery would hamper their ability to prepare for that setting.

The request being made to us by Becker/Matthews is a bit confusing.  For instance, they suggest that they only want to stay discovery from occurring through the use of interrogatories and depositions.  Yet, they also ask that we order the trial court to grant their motion to abate *in toto*, and in that motion they requested the trial court to "abate ***the civil proceedings against them*** until September 4, 2018 and at that time set a hearing to revisit the status of these parallel proceedings."  (Emphasis added).  Abating the "civil proceedings against them" seems to encompass more than simply staying certain aspects of discovery.

Nonetheless, Becker/Matthews believe themselves entitled to such relief because if they

respond to the civil discovery and provide discovery and depositions, they jeopardize their Fifth Amendment privilege against self-incrimination because their answers will be used against them in the coming prosecution. If they invoke their Fifth Amendment privilege in the civil lawsuit, they risk severe prejudice that could amount to a forfeiture of their due process rights to properly and adequately defend this case. Either alternative will damage a constitutional right.

As we learned years ago in law school, conditioning the exercise of a constitutional right upon relinquishing another may be impermissible, *see Simmons v. United States*, 390 U.S. 377, 394, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968) (stating that "we find it intolerable that one constitutional right should have to be surrendered in order to assert another"), and that seems to be the premise underlying Becker/Matthews request here. The constitutional rights in play here are apparently the right to invoke the Fifth Amendment privilege against incriminating oneself and the right to a fair trial inherent in due process.

While it is true that Becker/Matthews have a constitutional right to avoid incriminating themselves in both civil and criminal proceedings, *Tex. Dept. of Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d 757, 760 (Tex. 1995); *In re V.J.G.*, No. 07- 12-00541-CV, 2013 Tex. App. LEXIS 3493, at *8 n.3 (Tex. App.—Amarillo Mar. 26, 2013, no pet.) (mem. op.), they fail to clearly explain how invoking that right prejudices their right to due process and a fair trial. Admittedly, they may lose the opportunity to present a viable defense if they invoke the Fifth Amendment because their defense is founded upon facts that somehow incriminate themselves. But, we know of no authority holding that a defendant has the right to insulate himself from civil damages in a civil suit because his defense would implicate him in criminal conduct; nor did Becker/Matthews cite us to such

4

authority. Indeed, the defendant still gets his day in court, and the plaintiff remains obligated to prove its claims even though the defendant may wish to invoke the Fifth.

Nor do we know of authority holding that a person has a constitutional right to avoid being placed in the position of having to decide whether to plead the Fifth in a civil proceeding. And, again, Becker/Matthews failed to fill that void.

Moreover, the primary authority they did cite to suggests they are entitled to mandamus relief is quite inapposite. The two opinions to which we refer are *Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084 (5th Cir. 1979), and *Tex. Dept. of Pub. Safety Officers Ass'n v. Denton, supra*. Becker/Matthews would have us read them as requiring the trial court to abate a civil suit as long as a potential criminal investigation or prosecution pends. Neither opinion so mandates, however.

Both *Wehling* and *Denton* involved situations wherein the trial court dismissed a suit as a sanction for the plaintiff's offensive (as opposed to defensive) use of the Fifth Amendment to avoid responding to discovery. *See Tex. Dep't of Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d at 759 (observing that the "trial court dismissed Lane Denton's cause of action when Denton asserted his Fifth Amendment privilege in response to discovery requests"); *Wehling*, 608 F.2d at 1085 (noting that "[i]n this diversity case plaintiff appeals from the dismissal of his libel action under Rule 37, Fed.R.Civ.P., for refusing to answer certain questions posed by CBS during plaintiff's oral deposition"). Both courts recognized that the plaintiff had a constitutional right to invoke their Fifth Amendment privilege against self-incrimination in a civil proceeding. *Tex. Dep't Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d at 760; *Wehling*, 608 F.2d at 1086. And, both held that in lieu of simply imposing death penalty sanctions such as dismissing the

suit, other less drastic alternatives should be considered such as staying the action until the threat of criminal prosecution is over. *Tex. Dep't Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d at 763; *Wehling*, 608 F.2d at 1089.

We do not have an either/or situation before us. The trial court did not threaten Becker/Matthews with death penalty sanctions if they invoked their privilege to forgo incriminating themselves. Indeed, the record reveals that the trial court actually endeavored to address their concerns by staying discovery in the past. Despite this, Becker/Matthews want to continue postponing resolution of the suit for a period equal to whatever length of time some federal agencies care to take in conducting their own nondescript criminal investigations.

Nor do we have before us a situation wherein either Becker/Matthews actually invoked their Fifth Amendment privilege to avoid answering particular discovery requests. That too distinguishes our situation from those in *Denton* and *Wehling*. The questions Amarillo seeks to propound via interrogatories and depositions may be such that expose Becker/Matthews to potential criminal penalty if they choose to answer. Or, there may be many relevant inquiries which pose no such criminal risk to them. And, even if asked potentially hazardous questions, Becker/Matthews still have the right to invoke the Fifth Amendment. While doing so may have its own consequence since negative inferences may arise from the decision, *see, e.g.*, *Tex. Dep't Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d at 760 (stating that "[b]ecause of the difference between the civil and criminal context, the United States Supreme Court has allowed juries in civil cases to make negative inferences based upon the assertion of the privilege"), such is not the type of penalty deemed impermissible in *Wehling*. Indeed, the penalties to which it referred

6

consisted of "any **sanction** which makes assertion of the Fifth Amendment privilege 'costly,'" such as dismissing the party's suit. *See Wehling,* 608 F.2d at 1088, (quoting *Spevack v. Klein*, 385 U.S. 511, 515, 87 S. Ct. 625, 628, 17 L. Ed .2d 574 (1967)) (stating that "[i]n this context 'penalty' is not restricted to fine or imprisonment. It means . . . the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly.'") (Emphasis added). We reject the notion that permitting a civil jury to take negative inferences from the assertion of a Fifth Amendment privilege is any type of sanction for invoking the Fifth Amendment, especially since the United States Supreme Court expressly has approved of such inferences. *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976); *In re V.J.G.*, 2013 Tex. App. LEXIS 3493, at *8 n.3 (referring to *Baxter* and reiterating that the Fifth Amendment does not forbid inferences against parties to civil actions when they invoke the Fifth Amendment).

Finally, no one must forget that Amarillo and the other plaintiffs also have a due process right to a fair adjudication of their claims. The *Wehling* court itself recognized the competing rights to due process of the litigants involved in a suit. Just as a civil plaintiff has no absolute right to both his silence and his lawsuit, and neither does a civil defendant have an absolute right to have the action dismissed anytime a plaintiff invokes his constitutional privilege, *Wehling*, 608 F.2d at 1088, a civil defendant has no right to indefinitely postpone the adjudication of a civil suit because his conduct may have also implicated a criminal statute.

Given the circumstances at bar, the rights being balanced by the trial court, and the duties imposed on a trial court, we cannot say that Becker/Matthews carried its burden here. They did not prove that the trial court clearly abused its discretion in denying their

motion to abate and permitting discovery to proceed on July 10, 2018 in preparation of a January 2019 two-week special trial setting. The trial court has not made them forfeit either their Fifth Amendment protections or their rights to a fair trial in the civil action.

We deny the petition for writ of mandamus.


Brian Quinn
Chief Justice