

# NUMBER 13-24-00308-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CJE CONSTRUCTION, LLC,                                            Appellant,

v.

BOBBIE KRYNICKI AND
THOMAS KRYNICKI,                                            Appellees.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 6
## OF HIDALGO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Justice Fonseca**

Appellant CJE Construction, LLC argues by two issues that the trial court erred by denying its motion to compel arbitration and plea in abatement. We reverse and remand.

## I.    BACKGROUND

This appeal arises from a contract between appellant and appellees wherein

appellees agreed to purchase a lot of land at 2102 King Drive, Weslaco, Texas and have appellant build a new home there. According to appellees, appellant fraudulently induced them to purchase the land and services by promising to deliver a timely and quality construction that appellant did not provide. The parties signed the contract on January 25, 2021, which included a promise for the home to be completed within 180 days. Appellees claim that the home was not timely completed and that they incurred damages due to selling their prior home in reliance on this deadline and being forced to pay for alternative housing until construction was completed. They also allege that the home had numerous defects.

Appellees filed suit on July 18, 2023, alleging a single cause of action for violations of the Texas Deceptive Trade Practices Act (DTPA) and attaching the construction contract as an exhibit to their petition. The contract includes the details of the construction work appellant was to provide as well as the price, payment details, and the 180-day construction deadline. Each page of this contract included signatures and/or initials from both parties dated January 25, 2021. The contract has several addendums from a variety of dates, each signed with similar signatures to the original contract.

On January 2, 2024, appellant filed its original answer, a plea in abatement, and motion to compel arbitration. In these filings, appellant asserted that the construction contract contained a binding arbitration clause that required the parties to resolve the issues raised in appellees' suit via arbitration and that the suit should be abated for the completion of arbitration. The contract contains the following relevant language concerning arbitration:

> The parties agree that any dispute or claim arising under, or relating to, this Contract, any amendments thereto, the Property, Improvements, or any

2

dealings between the Owner and Builder or their representatives, shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (8 U.S.C. §§ 1 et. seq.) or, if applicable, by similar state statute, and not by or in a court of law. All decisions respecting the arbitrability of any dispute shall be decided by the arbitrator. Any cost or fee associated with filing a claim for arbitration is to be paid by the party filing same. The Parties agree to split the mediation fee and the arbitrator's fees with all participating parties.

Appellees filed their "First Amended Original Petition" on March 25, 2024, adding a cause of action for breach of contract but removing the contract as an exhibit. Appellees amended their petition again on April 2, 2024, to remove the breach of contract cause of action and add a fraud cause of action, and they amended their petition a third time on May 21, 2024, to remove direct references to the construction contract.

The trial court held a hearing on the motion to compel arbitration and plea in abatement on May 23, 2024. At the hearing, appellant asserted that the contract's delegation provision required any dispute over the arbitrability of the dispute to be resolved by the arbitrator. Appellees argued that the dispute at issue in the suit did not involve the contract and that the contract was not relevant. The trial court denied appellant's motions at the hearing and signed a written order on May 24, 2024. This accelerated interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016.

Following the filing of this appeal, appellees filed a "Sixth Verified Amended Original Petition," asserting for the first time that appellees' electronic signatures on the contract were obtained through fraud and/or deceit and that the contract was void as a result.

3

## II.   ANALYSIS

Appellant raises two issues on appeal. First, that the trial court improperly denied its motion to compel arbitration and, second, that the trial court improperly denied its plea in abatement. We address each issue in turn.

### A.   Motion to Compel Arbitration

Our review of the record indicates that a contract between the parties was presented to the trial court as part of appellant's motion to compel arbitration. The contract language is not disputed by the parties. The contract contains an arbitration clause with an agreement that "any dispute or claim arising under, or relating to, this Contract" be resolved by arbitration under the FAA if not first resolved at mediation. However, appellee challenged the applicability of this language on several grounds: 1) there was no evidence of a valid contract before the trial court as appellant did not verify the contract, 2) the entire contract was invalid because appellees' signatures were induced via fraud, and 3) there are extracontractual claims that do not fall under the scope of the arbitration clause.[1]

### 1.   Standard of Review

We review a trial court's order denying a motion to compel arbitration under an abuse of discretion standard. *See Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *McMillin Tex. Homes, LLC v. Oliver*, No. 13-23-00286-CV, 2024 WL 484683, at *4 (Tex. App.—Corpus Christi–Edinburg Feb. 8, 2024, no pet.) (mem. op.). A trial court abuses its discretion when it acts arbitrarily or unreasonably and without reference to any guiding rules or principles. *Indus. Specialists, LLC v. Blanchard Ref. Co.*, 652 S.W.3d 11, 16 (Tex. 2022) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42

---

[1] Though this issue was not presented under the "Argument" section of the brief, as it was raised in the "Statement of Facts", we treat this as a separate ground for denial of the motion to compel arbitration.

4

(Tex. 1985)). However, while factual determinations are given deference, the trial court's legal determinations, including enforcement of an arbitration agreement, are subject to de novo review. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

"A party seeking to compel arbitration under the FAA must establish that (1) there is a valid arbitration clause, and (2) the claims in dispute fall within that agreement's scope." *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding); *see also State Stores, Inc. v. Eufracio*, 2019 WL 3484430, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 1, 2019, no pet.) (mem. op.). We use ordinary principles of contract law to determine if there is a valid agreement to arbitrate. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005) (orig. proceeding). There is a strong presumption in favor of arbitration once it is established that the arbitration agreement exists and that the claims fall within the scope of the arbitration agreement. *See Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499–500 (Tex. 2015). Refusal to enforce a valid arbitration agreement constitutes a clear abuse of discretion. *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010) (orig. proceeding).

While courts typically resolve questions regarding the arbitrability of a dispute, it is well-recognized that parties can contract to delegate disputes over arbitrability to the arbitrator, which courts must enforce. *TotalEnergies E&P, USA, Inc. v. MP Gulf of Mex., LLC*, 667 S.W.3d 694, 702 (Tex. 2023). However, this delegation will only be enforced when the agreement is "clear and unmistakable." *Robinson v. Home Owners Mgmt. Enters., Inc.*, 590 S.W.3d 518, 532 (Tex. 2019). Further, even if the broader validity of a contract is challenged but not the arbitration agreement specifically, "courts must enforce

5

the arbitration agreement and require the arbitrator to decide the challenge to the broader contract." *TotalEnergies E&P*, 667 S.W.3d at 701 (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010)).

## 2. Competent Evidence of Valid Contract

The party that seeks to compel arbitration bears the initial burden to prove the arbitration agreement's existence. *See In re Estate of Guerrero*, 465 S.W.3d 693, 704 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). As a motion to compel arbitration has the same evidentiary standards as summary judgment, any documents used to prove there is a valid arbitration agreement must be authenticated "to constitute competent summary judgment evidence." *Id*. at 703–04. Further, a complete absence of authentication is a defect of substance that may be first raised on appeal even absent an objection at the trial court. *Id*. at 706–07.

As the party seeking to compel arbitration, it was appellant's burden to prove the existence of the arbitration agreement. While appellant attached a contract containing an arbitration clause to its motion to compel arbitration, the motion was not verified and no affidavit attesting to the authenticity of the contract was attached to the motion. Further, at the trial court's hearing on the motion to compel arbitration, no witnesses appeared to verify the authenticity of the contract. Accordingly, there was no competent summary judgment evidence to prove the existence of a valid contract. *See id*. at 703–04.[2]

However, appellant contends appellees' challenge to the contract's authenticity is an act of gamesmanship because appellees attached the contract to their original petition and initially brought breach of contract claims, constituting judicial admissions. While

---

[2] While appellee did not raise this issue at the trial court level, they can raise this issue for the first time on appeal. *Id*. at 706–07.

6

appellees' subsequent pleadings withdrew the breach of contract claim and no longer attached the contract, appellant contends this is still a judicial admission and that the live pleading still stated that appellees "viewed and electronically signed" the contract. Further, appellees' suit revolves around appellant's alleged failure to timely comply with the construction contract and appellees contend they suffered damages because appellant did not finish the construction project within the 180-day period contracted to.

The required elements for a judicial admission are: 1) a statement is made during a judicial proceeding, 2) it is contrary to an essential fact or defense asserted by the person making the admission, 3) it is deliberate, clear, and unequivocal, 4) if given conclusive effect, it would be consistent with public policy, and 5) it is not destructive of the opposing party's theory of recovery. *Amazon.com Servs., LLC v. De La Victoria*, No. 14-23-00493-CV, ___ S.W.3d ___, 2024 WL 3941376, at *2 (Tex. App.—Houston [14th Dist.] Aug. 27, 2024, no pet.) (citation omitted). If a party admits to signing a document, the party is barred from disputing the document's authenticity. *See id.* at *4; *Mountain View Health & Rehab. Ctr., Inc. v. Keele*, No. 08-23-00033-CV, 2024 WL 3034878, at *4 (Tex. App.—El Paso June 17, 2024, pet. denied) (mem. op.).

We agree with appellant that appellees have judicially admitted to signing the subject contract. Appellees' live pleading at the time of the hearing, the "Third Amended Original Petition", constitutes a judicial admission as it discusses payments appellees made to appellant "to extend the Lot 22 purchase contract" and explicitly references that appellant "did not complete the home within 180 days as represented[.]" While appellees amended their petition to avoid a direct reference to the contract as the source of the 180-day requirement, the deadline's source is apparent from the record. *See In re Labatt Food*

7

*Serv., L.P.*, 279 S.W.3d at 643; *see also In re Estate of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.) (explaining that construction of legal documents is a question of law reviewed de novo).

Appellees' pleading was littered with references to payments they made to appellant in conjunction with the contract, even if deliberately removing direct references to these amounts as being the contract price. While appellees' most recent pleading, "Plaintiffs' Sixth Verified Amended Original Petition," was not considered by the trial court at the time of the hearing, this pleading also makes multiple references to appellees signing the subject contract. Furthermore, appellees' response to appellant's motion acknowledges "there is an agreement that contains language referring 'disputes' to arbitration" and their brief to this Court also states that they signed the contract. *See Amazon.com Servs.*, 2024 WL 3941376, at *4. What's more, at the trial court's hearing, appellees' counsel conceded that the arbitration clause would be valid if they were seeking relief pursuant to the contract, though he asserted that appellees' claims are unrelated to the contract. Finally, we cannot ignore direct statements from appellees regarding their signature on the contract. While appellees argue these signatures were induced via fraud, which we will address below, this still constitutes a binding judicial admission that they signed the contract.

All of these statements were made as part of this judicial proceeding, are contrary to appellees' position that the contract is not an authentic document, and are deliberate, clear and unequivocal. *See id.* at *2. Further, such admissions are not destructive of appellees' theories of recovery under the DTPA as the existence of the contract is arguably foundational to appellees recovering under any of their causes of action. *See id.*

8

Enforcing this admission is consistent with the policy that parties who concede they signed a contract waive a right to contest the authenticity of it. *See id.* at *4. To hold otherwise would enable appellees' brazen attempts at gamesmanship by suing on a contract and claiming damages based directly on the appellant's alleged failure to comply with the contractual deadline of 180 days and then reversing course when contract provisions they dislike are being enforced against them. Appellees cannot bring a suit against appellant based on appellant's failure to comply with a contract and then remove such contentions by artful pleading to gain an unfair advantage.

Accordingly, appellant's failure to authenticate the contract is not fatal and we will treat this contract as competent evidence based on the judicial admissions contained in appellees' pleading, set forth in their response to the motion to compel arbitration, in their appellate briefs, and made at the trial court's hearing.

### 3. Delegation Clause

Having determined that the contract is competent evidence, we now examine whether the trial court abused its discretion in denying the motion to compel arbitration. The contract language references arbitration under the FAA and, therefore, appellant had a burden to prove there was a valid agreement and that the claims fell under the scope of arbitration. *See In re Rubiola*, 334 S.W.3d at 223. The parties do not dispute that the contract contains language constituting an arbitration clause. The contract bears signatures from both parties on every page indicating agreement. We find that the contract constitutes evidence there was a valid agreement to arbitrate.

Appellees' only other challenge to the arbitration clause at the trial court was that appellees' claims were extra-contractual and not under the scope of the arbitration

9

agreement. In other words, they challenge the arbitrability of the claims. *See TotalEnergies*, 667 S.W.3d at 702. Appellant typically would bear a burden to prove that the claims fall under the scope of arbitration. *See In re Rubiola*, 334 S.W.3d at 223. However, the contract contained a delegation clause requiring the question of arbitrability to be decided by the arbitrator. The delegation clause is enforceable because it was "clear and unmistakable." *Robinson*, 590 S.W.3d at 532. The contract plainly stated that all disputes over the arbitrability of the claims would be decided by the arbitrator. Appellees have not argued that such clause is vague or otherwise challenged the content of the contract language.

Therefore, we find that the trial court abused its discretion in failing to enforce the plain language of the delegation clause requiring the arbitrator to determine the arbitrability of the claims. Courts have a duty to enforce valid delegation clauses, and the trial court should have enforced this delegation clause by ordering the case to arbitration and allowing the arbitrator to determine whether appellees' claims fall under the scope of arbitration. *See TotalEnergies E&P*, 667 S.W.3d at 701.

### 4. Fraudulent Inducement

Finally, appellees also contend that the contract is void because appellant made fraudulent statements to induce them into signing the contract and that the potential voidness of the contract is a gateway issue that the trial court must decide before the question of arbitrability is reached. This issue was not raised at the trial court level and is being raised for the first time on appeal. Regardless, appellees' argument relies on a misstatement of the law. If there is a challenge to the entirety of a contract but not specifically to the arbitration or delegation clause, then the question of the contract's

voidness must also be decided by an arbitrator. *TotalEnergies E&P*, 667 S.W.3d at 701 (citing *Rent-A-Ctr.*, 561 U.S. at 70–71).

Appellees contend that the entire contract is potentially void due to alleged inducement. But importantly, appellees do not specifically challenge the arbitration and delegation clauses. Therefore, the trial court may not decide the voidness of the entire contract. *See id.* Instead, due to the delegation clause, the parties' agreement to delegate arbitrability issues to the arbitrator requires the arbitrator to decide the question of voidness. *See id.* Accordingly, this issue should also be ordered to arbitration.

We sustain appellant's first issue.

## B.     Plea in Abatement

Generally, the decision to grant or deny an abatement lies within the trial court's sound discretion. *In re Becker*, 554 S.W.3d 780, 781 (Tex. App.—Amarillo 2018, no pet.). The trial court has considerable discretion to manage its own docket. *See id.* at 782. However, in cases where the suit is ordered to arbitration under the FAA, the trial court is required to stay the case until arbitration resolves. 9 U.S.C. § 3.

Here, the parties' arbitration agreement requires arbitration pursuant to the FAA. As a result, the trial court was required to abate the case until the resolution of arbitration. *See id.* Accordingly, the trial court abused its discretion when it denied the plea in abatement. We sustain appellant's second issue.

### III.     CONCLUSION

We reverse the trial court's judgment denying appellant's motion to compel arbitration and plea in abatement. We remand the cause with instructions to grant the motion to compel arbitration and plea in abatement and for further proceedings consistent

11

with this opinion. Due to the delegation clause, this Court does not opine on whether appellees' claims are subject to arbitration or whether the contract is void due to fraud, and orders that these issues be resolved by the arbitrator.

YSMAEL D. FONSECA<br>
Justice

Delivered and filed on the
12th day of June, 2025.